UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:24-cv-03259-CAS (MARx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Azamat Zhanabayev v. United States Citizenship and Immigration Services et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Deborah Parker | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Richard Buson |

**Proceedings:** ZOOM HEARING RE: MOTION TO DISMISS (Dkt. 20, filed on June 6, 2024)

## I.     INTRODUCTION

Presently before the Court is defendants' motion to dismiss plaintiff's complaint. Dkt. 20.

On February 5, 2024, plaintiff Azamat Zhanabayev filed a complaint against defendants United States Citizenship and Immigration Services (USCIS), Director of USCIS Ur Mendoza Jaddou, U.S. Secretary of Homeland Security Alejandro Mayorkas, and Director of the USCIS Nebraska Service Center Loren K. Miller (collectively, "defendants"). Dkt. 1 ("Compl."). Plaintiff brings a single claim arguing that defendants' revocation of plaintiff's I-140 petition constituted arbitrary and capricious agency action and an abuse of discretion in violation of Section 706(2)(A) of the Administrative Procedure Act ("APA").[1] 5 U.S.C. §706(2)(A); see id. at 7-8.

---

[1] Elsewhere in his complaint, plaintiff notes that he is bringing the instant action in the nature of mandamus. See Compl. ¶ 1 ("This is a mandamus action to compel the court to review the arbitrary and capricious process by which [d]efendant USCIS approved, allegedly in error, [p]etitioner's I-140 Application . . . and then, a year later, issued a Notice of Intent to Revoke (NOIR) the petition"); id. ¶ 5 ("[T]his Court retains original mandamus jurisdiction under 18 U.S.C. § 1361" because "[t]he present action does not seek review of a removal order [and] is simply an action to compel USCIS to adjudicate the [p]laintiff's application in a manner that is not 'arbitrary and capricious.'"). It

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-03259-CAS (MARx) | Date | July 22, 2024 |
| Title | Azamat Zhanabayev v. United States Citizenship and Immigration Services et al. | | |

On June 6, 2024, defendants filed the instant motion to dismiss. Dkt. 20 ("Mot."). To date, plaintiff has not filed an opposition. On July 17, 2024, defendants filed a reply in support of their motion to dismiss. Dkt. 21 ("Reply").

On July 22, 2024, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Statutory and Regulatory Background

As the Ninth Circuit summarized in Poursina v. United States Citizenship & Immigration Services, 936 F.3d 868, 869 (9th Cir. 2019):

Pursuant to [8 U.S.C. § 1153(b)(2)], USCIS may grant work visas to immigrants holding "advanced degrees" or to those with "exceptional ability in the sciences, arts, or business." 8 U.S.C. § 1153(b)(2)(A). Generally, an immigrant seeking a work visa must show that his "services . . . are sought by an employer in the United States." Id. To do so, he must obtain a "labor certification" from the United States Department of Labor. See 8 U.S.C. § 1182(a)(5)(A), (D); 8 C.F.R. § 204.5(k)(4).

But there is an exception to the labor-certification requirement: "[USCIS] may, when [USCIS] deems it to be in the national interest, waive the requirements of subparagraph (A) that an alien's services . . . be sought by an employer in the United States." 8 U.S.C. § 1153(b)(2)(B). No statute defines when such a "national-interest waiver" should be granted, but USCIS has issued "precedent[ial]

---

appears that the thrust of plaintiff's claim is that defendants' revocation of his I-140 petition constituted arbitrary and capricious agency action under the APA. Because plaintiff does not bring a separate mandamus claim in his complaint, and because he has not identified a separate nondiscretionary duty that defendants have failed to perform, the Court proceeds to only analyze plaintiff's APA claim. See Yu An v. Napolitano, 15 F. Supp. 3d 976, 982 (N.D. Cal. 2014) (citing Patel v. Reno, 134 F.3d 929, 931 (9th Cir.1997)) ("The Mandamus Act applies only where the official's duty is non-discretionary.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:24-cv-03259-CAS (MARx) | Date | July 22, 2024 |
|----------|--------------------------|------|---------------|
| Title | Azamat Zhanabayev v. United States Citizenship and Immigration Services et al. | | |

decision[s] establishing a framework for evaluating national interest waiver petitions."

Id. at 869-70 (internal citations omitted). Such precedential decisions have established that USCIS may grant a national interest waiver if the petitioner demonstrates:

> (1) that the foreign national's proposed endeavor has both substantial merit and national importance; (2) that the foreign national is well positioned to advance the proposed endeavor; and (3) that, on balance, it would be beneficial to the United States to waive the requirements of a job offer and thus of a labor certification. If these three elements are satisfied, USCIS may approve the national interest waiver as a matter of discretion.

In re Dhanasar, 26 I. & N. Dec. 884, 889 (2016). These elements are known as the Dhanasar prongs.

Finally, 8 U.S.C. § 1155 provides that "[t]he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title."

**B.    Factual Background**

Plaintiff Azamat Zhanabayev is a citizen of Kazhakhstan currently residing in Irvine, California. Compl. ¶ 12. He was employed as a truck driver for fourteen years before he received a California Commercial Driver's License in 2020. Id. ¶¶ 18-19. In 2021 he opened his own company, "AZ Global Trans Co.," which "will shortly be able to hire more employees." Id. ¶ 20.

On March 1, 2022, plaintiff filed a Form I-140 Immigrant Petition for Alien Worker on his own behalf. Id. ¶ 21.

In a notice dated August 11, 2022, USCIS issued an approval of plaintiff's I-140 petition. Id. ¶ 23.

On August 15, 2022, USCIS issued plaintiff a request for evidence ("RFE") regarding whether plaintiff qualified for classification as an immigrant with exceptional

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-03259-CAS (MARx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Azamat Zhanabayev v. United States Citizenship and Immigration Services et al. | | |

ability (the "Ability Requirement") and whether plaintiff qualified for a National Interest Waiver."[2] Id. ¶ 22.

On August 10, 2023, USCIS issued a Notice of Intent to Revoke (NOIR) plaintiff's petition and granted him thirty days to submit a response. Id. ¶ 24. On September 28, 2023, plaintiff submitted his response. Id.

On January 4, 2024, USCIS revoked plaintiff's I-140 petition. Id. ¶ 25. In the revocation decision, USCIS found that plaintiff did not qualify for a work visa under 8 U.S.C. § 1153(b)(2)(A) because he "has not submitted evidence to show that the position [of truck driver] qualifies as a profession under the Act, or that the position requires a United States baccalaureate degree or its foreign equivalent as the minimum requirement for entry into the occupation as required by 8 CFR 204.5(k)(2)." Dkt. 1-1 at 1. USCIS also found that plaintiff "has not demonstrated that he is a professional holding an advanced degree or the foreign equivalent of a U.S. Baccalaureate degree plus at least five years of progressive, post-baccalaureate experience in the specialty." Id. at 4. After analyzing six criteria outlined in 8 CFR Section 204.5(k)(3)(ii), USCIS determined that it "d[id] not find the petitioner to be an individual of exceptional ability." Id. at 6-9.

Additionally, USCIS separately found that plaintiff was not entitled to a national interest waiver because "[t]he evidence does not establish that any of the prongs of Dhanasar have been met." Id. It then proceeded to analyze the Dhanasar prongs. Id. at 10-17.

## III.   LEGAL STANDARD

### A.      Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the objection that the federal court has no subject matter jurisdiction over the action. This defect may exist despite the formal sufficiency of the allegations in the complaint. T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D.N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may

---

[2] In their opposition, defendants note that this RFE was generated on August 11, 2022, but was dated August 15, 2022, to account for service by mail. Opp. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-03259-CAS (MARx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Azamat Zhanabayev v. United States Citizenship and Immigration Services et al. | | |

review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

### B.     Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **'O'**

| Case No. | 2:24-cv-03259-CAS (MARx) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Azamat Zhanabayev v. United States Citizenship and Immigration Services et al. | | |

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

**IV.   DISCUSSION**

Defendants argue that this Court lacks subject matter jurisdiction to review the revocation of plaintiff's visa petition. Specifically, it contends that 8 U.S.C. § 1252(a)(2)(B)(ii) deprives this Court of jurisdiction to review USCIS' finding that plaintiff did not qualify for a National Interest Waiver. Mot. at 6. In support, defendants cite Poursina, where the Ninth Circuit held that Congress "'specified' that the issuance of national interest waivers is 'discretionary.'" Id. at 7 (quoting Poursina, 936 F.3d at 871). Here, defendants argue that "USCIS' revocation decision relied *independently* on its finding that [p]laintiff did not qualify for a National Interest Waiver." Id. at 7 (emphasis added). Thus, they claim that "because this Court lacks jurisdiction to engage in a review

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-03259-CAS (MARx) | Date | July 22, 2024 |
|----------|---------------------------|------|---------------|
| Title | Azamat Zhanabayev v. United States Citizenship and Immigration Services et al. | | |

of USCIS' finding that [p]laintiff was not eligible for a National Interest Waiver, it lacks jurisdiction to review the overarching revocation decision." Id. at 8.

Alternatively, defendants argue that plaintiff's complaint also fails to state a plausible claim upon which relief can be granted because "the Court cannot ultimately grant [p]laintiff the relief he seeks." Id. They again argue that "because USCIS' National Interest Waiver decision was an independently sufficient reason for revoking Plaintiff's Form I-140, even if this Court finds that USCIS' finding that Plaintiff did not meet the Ability Requirement was arbitrary and capricious, this Court cannot find that USCIS' revocation was arbitrary and capricious in the whole." Id. at 9.

Plaintiff has not filed an opposition.

In reply, defendants rested on their motion to dismiss and noted that the Court may also grant the motion pursuant to Local Rule 7-12. Reply at 1.

The Court finds that it lacks subject matter jurisdiction over plaintiff's claim. "[Section] 1252(a)(2)(B)(ii) strips federal courts of jurisdiction to review USCIS'[] decision to deny a national-interest waiver." Poursina, 936 F.3d at 873. Here, plaintiff filed an I-140 petition on his own behalf. Compl. ¶ 21. Thus, because plaintiff did not meet the labor-certification requirement of 8 U.S.C. § 1182(a)(5)(A), he needed to obtain a National Interest Waiver to ultimately receive a work visa. 8 U.S.C. § 1153(b)(2)(B)(i) ("[T]he Attorney General may, when the Attorney General deems it to be in the national interest, waive the requirement[] . . . that an alien's services in the sciences, arts, professions, or business be sought by an employer in the United States.").

USCIS revoked plaintiff's petition based on two independent findings: (1) that plaintiff did not qualify for a work visa under 8 U.S.C. § 1153(b)(2)(A) as an individual with exceptional ability; and (2) that plaintiff was not entitled to a National Interest Waiver under the Dhanasar prongs. Dkt. 1-1 at 6-9, 10-17. Because the Court lacks jurisdiction to review the second independent basis for revocation, it lacks jurisdiction to review the revocation decision as a whole. Accordingly, the Court **GRANTS** defendants' motion to dismiss for lack of subject matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:24-cv-03259-CAS (MARx) | Date | July 22, 2024 |
|----------|--------------------------|------|---------------|
| Title | Azamat Zhanabayev v. United States Citizenship and Immigration Services et al. | | |

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendants' motion to dismiss for lack of subject matter jurisdiction.  Plaintiff is directed to file an amended complaint, if any, by August 19, 2024.

IT IS SO ORDERED.

|  | 00 | : | 04 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |